UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DUANE EUGENE DIXON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-04218-NKL |
| | ) | |
| CITY OF SEDALIA, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendants Donald Arthur Weaver and Don's Towing and Truck Washing, Inc.'s motion to dismiss for failure to state a claim, Doc. 25. Defendants' motion is granted.

**I.   Pleading Standard**

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint if the plaintiff fails to plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts alleged in the complaint are sufficient for the court to draw a reasonable

1

inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678.

## II. Background

Plaintiff Duane Dixon alleges that Defendants made an unreasonable seizure of his vehicle and all property therein by improperly towing his vehicle from a city street without reasonable justification, and retaining the vehicle without reasonable redress or compensation under color of law. Defendant movants ("Defendants") are Don Arthur Weaver and Don's Truck Towing & Truck Wash, Inc. ("Don's Towing"), the parties allegedly responsible for towing Plaintiff's vehicle.

Plaintiff alleges that on the evening of December 13, 2013, it began to snow and the City of Sedalia invoked its snow route ordinance citywide. This ordinance permitted the City to tow vehicles parked along designated snow routes. Shortly after midnight on December 14, Defendants towed a pickup truck belonging to Plaintiff to remove it from a snow route. Plaintiff notes that the vehicle was towed without prior notice, on order of the Sedalia Police Department. Plaintiff argues that though snow route signs were posted designating the street on which the vehicle was parked as a snow route, the signs were inadequate. He also contends that he unsuccessfully attempted to reacquire the pickup truck after it was towed by speaking with persons who worked for Sedalia. Plaintiff makes no allegation of any communications with Defendants or any attempts to contact them regarding the towed vehicle.

**III. Discussion**

Plaintiff brings causes of action under 42 U.S.C. §§ 1983, 1981, and 1988, and alleges violations of his equal protection rights. Plaintiff's allegations are not sufficient for him maintain the claims he has asserted against Defendants.

In order to bring a successful cause of action under 42 U.S.C. § 1983, the plaintiff must be able to prove that the conduct complained of both (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Defendants argue that Plaintiff was not deprived of any due process right secured by the Constitution.

The Eighth Circuit has addressed the issue of whether a plaintiff may maintain a federal due process claim against a private towing company that purportedly violated the plaintiff's due process rights by towing property at the direction of a police department. The Eighth Circuit held that "[i]t appears settled that municipalities authorizing towing of illegally parked cars are not required by the Constitution to establish pre-deprivation notice and hearing procedures." *Allen v. City of Kinloch*, 763 F.2d 335, 336 (8th Cir. 1985). As Defendants towed Plaintiff's truck due to a snowstorm, which constituted an emergency situation, it was not necessary for Defendants to provide Plaintiff pre-towing notice and a hearing. Such a requirement would be entirely impractical. *Sutton v. City of Milwaukee*, 672 F.2d 644, 646 (7th Cir. 1982) ("There is no way that the city or state can notify the owners of illegally parked cars that their cars will be towed and provide them

3

Case 2:14-cv-04218-NKL   Document 31   Filed 01/26/15   Page 3 of 6

then and there with an opportunity to challenge the lawfulness of towing. To require notice and hearing in advance is . . . to prevent all towing of illegally parked cars.").

Missouri statute § 304.156.5 provides that an individual whose car is towed by a city may "within ten days after the receipt of notification from the towing company . . . file a petition . . . to determine if the abandoned property was wrongfully taken or withheld from the owner." Once such a petition is filed, the plaintiff's property will be released upon the posting of a cash or surety bond to ensure payment for the towing in the event that the plaintiff does not prevail in his lawsuit. Plaintiff does not contend that this statutorily mandated post-deprivation process is insufficient. *See Matthews v. Eldridge*, 424 U.S. 319, 323 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). In light of this post-deprivation remedy, Plaintiff was not "without due process of law" and cannot prove the second element of his § 1983 claim. *Parratt v. Taylor*, 451 U.S. 527 (1981).

Moreover, Defendants are entitled to qualified immunity for their actions in this case. The Supreme Court has held that the protections of qualified immunity extend to private actors working at the direction of the government. *Filarsky v. Delia*, 132 S. Ct. 1657 (2012). Plaintiff admits in his complaint that Defendants responded to a call from a member of the Sedalia Police Department directing them to tow Plaintiff's pickup truck during the snowstorm. He further acknowledges that it was towed pursuant to City of Sedalia ordinances establishing snow routes and enforcement procedures. Plaintiff contests the method of enforcement of the ordinances, but not the validity of the ordinances themselves. Given that Defendants' actions accorded with the city

4

ordinances, they are entitled to qualified immunity for those actions. Despite construing as true all factual allegations made by Plaintiff, Plaintiff has iterated no colorable claim against Defendants under 42 U.S.C. § 1983.

Plaintiff has also failed to state a claim under 42 U.S.C. §§ 1981. Section 1981 prohibits all racial discrimination in the making of public and private contracts. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). Plaintiff has not alleged racial discrimination here. As such, his § 1981 claim cannot be maintained.

Finally, Plaintiff's contention that Defendants violated his equal protection rights is insufficient. As Plaintiff has not identified any suspect class to which he belongs or alleged any deprivation of a fundamental right, his claim is subject only to rational basis review. In order to prevail on his claim, Plaintiff must show that the towing of the pickup was "so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000) (quotations omitted). Plaintiff has alleged no facts to support his contention that he was "treated differently from others similarly situated, and there is no rational basis for the difference in treatment," other than noting that his vehicle "was the only vehicle towed anywhere within the city limits" of Sedalia that night. Plaintiff does not allege that other vehicles were also parked on snow routes and were not towed on the evening his vehicle was removed, or that his vehicle was towed as a result of some sort of animus.[1] Absent factual allegations to support his claims of

---

[1] Plaintiff does allege that a vehicle was parked on the same snow route during a snow storm a few weeks later and was not towed. As this was a separate incident and separate

disparate treatment, Plaintiff's complaint is insufficient to state a cause of action for violation of his equal protection rights.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted. Defendants Donald Weaver and Don's Towing are hereby dismissed from this action.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 26, 2015
Jefferson City, Missouri

---

weather event, however, this allegation alone does not provide a basis to conclude that Plaintiff was treated differently from others similarly situated at the time his car was towed, or that there was no rational basis for the towing on the evening his car was moved.