# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DUANE EUGENE DIXON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-04218-NKL |
| ) | |
| CITY OF SEDALIA, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendants City of Sedalia, City of Sedalia City Council, and Gary Edwards' motion to dismiss for failure to state a claim, Doc. 25. Defendants' motion is granted.

### I. Pleading Standard

Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a complaint if the plaintiff fails to plead sufficient facts to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In determining whether the complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (noting that legal allegations are not accepted as true). If the facts alleged in the complaint are sufficient for the court to draw a reasonable

1

inference that the defendant is liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678.

## II. Discussion

Plaintiffs Duane Dixon and Dixon Builders, LLC allege that on the evening of December 13, 2013, it began to snow and the City of Sedalia invoked its snow route ordinance citywide. This ordinance permitted the City to tow vehicles parked along designated snow routes. Shortly after midnight on December 14, Defendants towed a pickup truck belonging to Dixon to remove it from a snow route. Plaintiffs contend that the vehicle was towed in violation of Plaintiffs' due process and equal protection rights. Defendant movants ("Defendants") are the City of Sedalia, City of Sedalia City Council, and City Administrator Gary Edwards, the individuals allegedly responsible for directing the towing.

Defendants request that Plaintiffs' due process and equal protection claims be dismissed for failure to state a claim.[1] Plaintiffs do not contest Defendants' legal arguments regarding the law applicable to these claims.[2] They argue only that there are factual disputes that should prevent dismissal of the case.

---

[1] Defendants also request dismissal of Plaintiffs' sections 1981 and 1988 claims and breach of contract claim. The Court has already dismissed Plaintiff's breach of contract claim, Count III, for lack of subject matter jurisdiction. [Doc. 21]. Plaintiffs concede that their sections 1981 and 1988 allegations fail to state a claim; therefore, these claims are dismissed with prejudice.

[2] Defendants reiterated the law the Court previously discussed and found applicable to these claims in Doc. 31, granting Defendants Donald Arthur Weaver and Don's Towing and Truck Washing Inc.'s motion to dismiss for failure to state a claim. The Court's previous conclusions regarding the applicable law similarly apply here.

2

Plaintiffs' factual arguments are not persuasive. They first contend that it has not been determined that the towed vehicle was illegally parked at the time of towing. As Defendants note, the Court has already concluded that the undisputed evidence shows Dixon's truck was parked on a snow route, that the City invoked its snow route ordinance citywide on the night in question, and that the ordinance permitted the City to tow vehicles parked along designated snow routes. [Doc. 31, p. 2]. The Court drew these conclusions directly from Plaintiffs' Complaint, which alleged that "the snowfall occurred city-wide, and the declaration of imposition of the applicable city ordinance [regarding declaration of snow emergencies and clearing of snow routes] was city-wide," as well as that "[s]ignage in the area of Plaintiff's commercial location announcing and disclosing the existence of snow routes, were not present and were not reasonably visible. At that time, along Main Street the nearest street sign regarding the designation of it being a snow route was at least five blocks away to the west and four blocks away to the east." [Doc. 1, p. 6].

As Plaintiffs have admitted that the vehicle was parked on a snow route – albeit poorly marked – and that the City invoked its snow emergency ordinance, it is clear from the content of the Complaint that the vehicle was illegally parked at the time of towing. Even if Plaintiffs could identify some constitutional deficiency in the ordinance, Defendants' would be entitled to qualified immunity for their actions, which comported with the ordinance as it existed at the time. Given that the towing was carried out in accordance with the ordinance, it is also unnecessary for the Court to allow the case to

3

proceed in order to determine whether Defendants held an objectively reasonable belief regarding the lawfulness of the towing.

Plaintiffs' final argument is that they should be granted leave to amend the Complaint to allege that there were other persons similarly situated to establish their belief that the actions taken against them were disparate and in violation of the equal protection clause. However, even if Plaintiffs were able to identify other similarly situated persons treated differently, their claim would still be subject to only rational basis review as Plaintiffs have not alleged that they belong to a suspect class or were deprived of a fundamental right. Therefore, Plaintiffs must be able to show that the towing of the pickup was "so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000) (quotations omitted). The content of the Complaint makes clear that Plaintiffs cannot make this showing. Dixon's vehicle was parked on a snow route during a snow emergency. In light of these facts, and the absence of any evidence that the government randomly selected cars to be towed without regard to the ordinance or its purposes, the government's decision to tow the vehicle cannot be termed irrational.

## III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted. Defendants City of Sedalia, City of Sedalia City Council, and Gary Edwards are hereby dismissed from this action.

4

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 30, 2015
Jefferson City, Missouri